**NOT FOR PUBLICATION**

                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY


RODNEY L. EDWARDS,                :
                                  :
            Plaintiff,            : Civil Action No. 05-3178 (WGB)
                                  :
       v.                         : **OPINION**
                                  :
LINGPING GU, M.D., et al.,        :
                                  :
            Defendants.           :
_____   :


**APPEARANCES:**

   RODNEY L. EDWARDS, Plaintiff, pro se
   # 440687
   Northern State Prison
   168 Frontage Road
   P.O. Box 2300
   Newark, New Jersey  07114

**BASSLER**, District Judge

   Plaintiff, Rodney L. Edwards ("Edwards"), a state prisoner currently confined at Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on plaintiff's affidavit of indigence, the Court grants the application to proceed in forma pauperis and directs the Clerk of the Court to file the Complaints without pre-payment of the filing fee.

   Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should proceed in part.

### I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review. In his Complaint, Edwards asserts claims that he was denied medical care claim and that defendants were negligent in failing to treat him.  The named defendants are: Lingping Gu, M.D., at Central Reception and Assignment Facility ("CRAF"); John Godinsky, M.D., at Northern State Prison ("NSP"); Dr. Bucholtz, at NSP; Bruce Hauck, Administrator at CRAF; and Lydell Sherrer, Administrator at NSP.

Edwards alleges that, on January 10, 2005, after being treated for a fever, he complained to Dr. Gu about lower back pain.  Dr. Gu prescribed aspirin to alleviate the pain and a medical slip for a lower bunk privilege.  When Edwards complained to Dr. Gu that the aspirin was not helping with his pain, Dr. Gu explained that Correctional Medical Services at CRAF only referred outside consultation and treatment for inmates assigned to CRAF.  Since Edwards was temporarily housed in CRAF until his prison assignment was designated, he would not be there long enough to schedule an outside appointment.  Edwards remained at CRAF for 49 days, until February 28, 2005, when he was transferred to Northern State Prison.

On March 24, 2005, while at NSP, Edwards filled out a medical request form, complaining of intense pain in his lower

back and down his left leg. He was seen by Dr. Bucholtz on March 31, 2005, who prescribed Naproxen (500 MG) and ordered x-rays. The x-rays were negative and Dr. Bucholtz diagnosed plaintiff's condition as muscle spasms. Edwards insisted that the Naproxen did not work for him in the past, and that his lower back has become inflamed and the pain in his lower back and left leg more intense and severe.

On May 23, 2005, Edwards was examined by Dr. Godinsky for his complaints of lower back and left leg pain. Dr. Godinsky diagnosed plaintiff's condition as sciatica. Dr. Godinsky also explained to plaintiff that an MRI and neurological surgery was not indicated, and instead prescribed Prednisone, Chlorzoxazone, and Motrin for pain.

Edwards filed grievances with both Hauck and Sherrer, the Administrators at CRAF and NSP, respectively, which went unanswered. Edwards seeks injunctive relief directing defendants to provide medical treatment. He also asks for money damages, $5million in compensatory damages and $5 million in punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If so, the prisoner is precluded from bringing an action <u>in forma pauperis</u> unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 LIABILITY

Edwards brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

The Court liberally construes the allegations in the complaint as: (1) a § 1983 denial of medical care claim, in violation of the Eighth Amendment; and (2) a common law tort claim alleging medical negligence by defendants, Dr. Godinsky and Dr. Bucholtz, in failing to provide adequate medical care to plaintiff.

6

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also

7

Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). When evaluating the first or objective element under Estelle, whether a plaintiff's medical need is serious, "a court should consider such factors as the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." Maldonado v. Terhune, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir.

1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. <u>See</u> <u>Rouse</u>, 182 F.3d at 197. The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. <u>Atkinson</u>, 316 F.3d at 266. <u>See also</u> <u>Monmouth County Correctional Institutional Inmates</u>, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); <u>Durmer v.</u>

O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

    Here, Edwards medical condition has not been diagnosed by any doctor as requiring the treatment Edwards seeks; nor are his lower back problems and sciatica so severe that a lay person would recognize the necessity for surgery.  Finally, Edwards does not allege that the denial of surgical treatment has resulted in "the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss."  Atkinson v. Taylor, 316 F.3d 257, 272-73.  Nevertheless, Edwards continuing complaints of escalating lower back pain and sciatica in his left leg might be considered a serious medical need.  At best, it is a factual issue that should not be determined on a sua sponte screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Therefore, the Court will look to the second element of deliberate indifference to determine whether Edwards has alleged a cognizable § 1983 denial of medical care claim.

    As to the claims against the CRAF defendants (Dr. Gu and Administrator Hauck), the Court is inclined to find that, if plaintiff's allegations are true, Edwards may be able to establish a claim of deliberate indifference.  Edwards asserts that medical treatment was denied while he was at CRAF for at least 49 days, simply because he was a transient inmate temporarily assigned to CRAF.  The Third Circuit has held that

10

delays in necessary medical treatment for non-medical reasons may constitute deliberate indifference. See Rouse, 182 F.3d at 197. Therefore, the Court will allow Edwards denial of medical care claim to proceed as against Dr. Gu and Administrator Hauck.

As to the remaining NSP defendants, the Court does not find that plaintiff can establish deliberate indifference to support a denial of medical care claim under § 1983. In this case, Edwards received medical treatment, but not the type of treatment he preferred. As stated above, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews, 95 F. Supp.2d at 228; Peterson, 551 F. Supp. at 145. Moreover, Edwards disagreement with the NSP doctors' medical judgment do not state Eighth Amendment claims. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Even if the defendant doctors were ultimately shown to be mistaken in their diagnosis and treatment of plaintiff's condition, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110. The facts show that Edwards received prompt medical attention upon his complaints. He just disagrees with the doctors' medical opinion that surgery is not indicated. Therefore, plaintiff's § 1983 denial of medical care claim as against Drs. Bucholtz and Godinsky, and Administrator Sherrer,

11

will be dismissed for failure to state a claim.[2]  This dismissal is without prejudice to plaintiff bringing a medical negligence claim against these doctors in the state forum.

### V.   CONCLUSION

For the reasons stated above, the Court will dismiss plaintiff's § 1983 denial of medical care claim, as against all defendants, except CRAF defendants, Dr. Gu and Administrator Hauck, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Complaint will be allowed to proceed as against the CRAF defendants, Dr. Gu and Administrator Hauck, with respect to the § 1983 claim alleging denial of medical care.  The Court declines to exercise supplemental jurisdiction over plaintiff's common law medical negligence claim as against Dr. Godinsky and Dr. Bucholtz, pursuant to 28 U.S.C. § 1367(c)(3).

                                    /S/ WILLIAM G. BASSLER
                                        WILLIAM G. BASSLER
                                 Senior United States District Judge

DATED: 30 August 2005

---

[2] Edwards alleges facts that, if true, might support a common law claim of medical negligence as against Dr. Godinsky and Dr. Bucholtz.  However, this is a state law claim that the Court will not address because the § 1983 claim under which federal jurisdiction is predicated, pursuant to 28 U.S.C. § 1331, will be dismissed.  The Court declines to exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c)(3).  The Court makes no findings as to whether or not a state law claim would be appropriate or successful.